AFFIRMED; Opinion Filed March 18, 2013.



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-01284-CV

## IN THE INTEREST OF N.T., A CHILD

On Appeal from the 256th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-11-00657-Z

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang, and Justice Evans
Opinion by Justice Lang

Shannon J.[1] appeals from a judgment terminating her parental rights to N.T. In two

issues, appellant asserts that her trial counsel was ineffective and that she was denied due process

of the law protected by the Fourteenth Amendment to the Constitution of the United States.

After reviewing the record and finding no reversible error, we affirm the trial court's judgment.

## I. BACKGROUND

In March of 2010, the Texas Department of Family and Protective Services removed L.J.

and N.T., appellant's children, from appellant's care because Ashunte Minniefield, a convicted

---

[1] To protect the privacy of the parties, we identify the child's relatives by their first names only. *See* TEX. FAM.
CODE ANN. § 109.002(d) (West Supp. 2012).

sex offender, was in the home. The children were ultimately returned to appellant and the case was closed after appellant successfully completed services and agreed that she and her children would not have any contact with Minniefield.

However, the Department received a report from their statewide intake office in Austin on June 14, 2011 alleging that Minniefield had been arrested at appellant's apartment earlier that day and that appellant was threatening to kill herself. Although N.T.'s sibling, L.J., was not present at the time of Minniefield's arrest, N.T. was at the home. The same day, a Department special investigator visited appellant at her home and had concerns that appellant was not taking her prescribed medication for mental health issues and had allowed at least one of her children to be around Minniefield. At the request of the Department special investigator, appellant signed a child safety evaluation and plan agreeing that she and her children would not have any further contact with Minniefield and that she would take her medication. The following day, in an interview with a Department caseworker, appellant admitted she knew Minniefield was a convicted sex offender, but stated that she never allowed him to care for her children at any time. Appellant also admitted to using drugs in the past, but the record shows drug tests performed on June 14 and June 15 were negative. After assessment, the Department determined the family would benefit from family based safety services and would be monitored by the Department.

On July 20, 2011, appellant contacted her caseworker to inform her that Minniefield's family made threats to kill appellant after learning that Minniefield had been diagnosed with a critical medical condition that his family believed to have been transmitted by appellant. After appellant refused the Department's offer to go to a shelter with her children, the Department removed L.J. and N.T. from appellant's home. Then, the Department filed a petition for

2

protection, conservatorship, and termination of appellant's rights with respect to L.J. only.[2] Previously, in January 2011, the attorney general's office had filed a petition to establish paternity of N.T., and it was under that trial court cause number that the trial court terminated appellant's parental rights to N.T.

The trial court signed a temporary order on July 26, 2011, appointing the Department temporary managing conservator of both children. Several permanency hearings respecting the status of the case were held and orders rendered during the pendency of this case. TEX. FAM. CODE ANN. §§ 263.304-06 (West 2008 & Supp. 2012). At the permanency hearing on December 6, 2011, the trial court signed an order appointing counsel to appellant.

On March 23, 2012, the parties signed a "mediated settlement agreement" incorporating an exhibit that, among other things, re-set the mediation for June 1, 2012. On April 12, the trial court held another permanency hearing setting the case for mediation on June 1 and setting a trial date of July 5 and 6. The case was not settled on June 1 and a trial before the court was held on the scheduled dates. At the conclusion of the trial, the court orally rendered judgment terminating appellant's parental rights as to N.T. pursuant to subsections 161.001(1)(D) and (E) of the Texas Family Code. On August 30, 2012, the trial court signed a decree terminating appellant's parental rights to N.T. This appeal followed.

## II. APPLICATION OF LAW TO FACTS

Before addressing the merits of this case, we note that the record in this appeal and the record in the separate appeal involving the termination of appellant's parental rights to L.J. are virtually the same, although the termination decrees for each child have different trial court cause numbers. The cases were tried together below and the reporter's record is identical in both

---

[2] That judgment is the subject of a separate appeal and opinion. *See In re L.J.*, 05-12-01283-CV (Tex. App.— Dallas Mar. __, 2013, no pet. h.).

3

appeals. Additionally, appellant has filed substantively identical briefs in both appeals raising the same issues and arguments. However, some of the arguments appellant presents relate only to the termination of appellant's parental rights to L.J. We do not address these arguments in this opinion and limit our analysis to only those arguments relating to the trial court's judgment terminating appellant's parental rights to N.T.

## A. INEFFECTIVE ASSISTANCE

In her first issue, appellant asserts that her trial counsel was ineffective because he was unprepared for trial in various ways and failed to: (1) file special exceptions and various motions, (2) perform discovery, (3) make certain objections at trial, and (4) present evidence on certain factors relative to whether termination was in N.T.'s best interest.

In Texas, indigent parents have a statutory right to effective assistance of counsel in termination proceedings that we evaluate under the same standards as those set forth for criminal defense counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). *See In re M.S.*, 115 S.W.3d 534, 544–45 (Tex. 2003). To succeed on her ineffective assistance issue, appellant must establish not only that her counsel's performance was deficient, but also show counsel's deficient performance prejudiced her case. *See id.* With respect to the first prong of the test, we indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, which includes the possibility that counsel's actions were strategic. *Id.* at 545. The challenged conduct will constitute ineffective assistance only when it was "so outrageous that no competent attorney would have engaged in it." *Id.* In analyzing whether counsel's performance in a particular case is deficient, we consider all of the circumstances surrounding the case and focus primarily on whether counsel performed in a reasonably effective manner. *Id.* With respect to *Strickland's* second prong, we must determine whether there is a

4

reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 550. An allegation of ineffective assistance must be fully supported by the record. *See Doe v. Brazoria Cnty. Child Protective Servs.*, 226 S.W.3d 563, 572 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

*1. "Mediated Settlement Agreement"*

Appellant initially asserts that her counsel's performance was deficient because he failed to move for a final judgment based upon the parties' March 23, 2012 "Mediated Settlement Agreement" in accordance with section 153.0071(e) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 153.0071(e) (West 2008). According to appellant, the Family Code "provides that if a mediated settlement meets those requirements, a party is entitled to judgment on the MSA, notwithstanding TRCP Rule 11 or any other rule of law." TEX. FAM. CODE ANN. § 153.0071(e) (West 2008). Appellant further contends that counsel "failed to object to the State's attempt to unilaterally repudiate the MSA on or about June 1, 2012." Appellant argues that entry of a final judgment on the agreement, which did not call for the termination of her parental rights, would have been a better result for appellant than the judgment the trial court signed after trial on the merits. We conclude the agreement does not support appellant's position.

On March 23 the parties signed the above referred "Mediated Settlement Agreement," which provided in part for the parties to appear in court to present evidence and secure rendition of judgment in accordance with the settlement terms. The agreement further provided, "**THIS AGREEMENT IS NOT SUBJECT TO REVOCATION**." The particular terms of the parties' agreement, however, were set out in Exhibit A. Exhibit A specifically re-set the March 23 mediation to June 1. The exhibit further provided that during the interim, appellant would finish counseling, continue her drug treatment, stay on her medication from "MHMR," continue with

5

"MHMR" services, and refrain from having contact with any registered sex offender. The settlement did not address the ultimate disposition of the termination proceeding.

Our review of the agreement shows there is nothing of a dispositive nature in the agreement upon which appellant's counsel could have sought a final judgment because the agreement did not address the issues before the trial court for final resolution, such as custody, placement, guardianship, or parental rights. Instead, the agreement provided for interim steps and an additional session of mediation. Therefore, we conclude appellant's counsel's performance was not deficient for failing to move for a final judgment on a "mediated settlement agreement" that addressed only interim actions appellant agreed to perform before the June 1 mediation.

*2. Motion for Continuance*

Next, appellant complains her counsel's actions were deficient because of his failure to file a written motion for a continuance of the July 5 trial date after becoming aware that the Department intended to proceed with terminating appellant's parental rights.[3] Appellant acknowledges that her counsel orally moved for a continuance on the day of trial. However, the motion was denied. The Department opposed counsel's oral request for a continuance noting the parties faced a dismissal date for the case of July 23 pursuant to section 263.401(a) of the family code. *See* TEX. FAM. CODE ANN. § 263.401(a) (West 2008). Appellant contends a proper written motion should have been filed because the Department's decision to proceed with the termination after signing the March 23 "mediated settlement agreement," is an extraordinary circumstance justifying a 180 day continuance to allow counsel additional time to prepare for

---

[3] Appellant asserts that the Department unilaterally repudiated the "mediated settlement agreement" on or about June 1, 2012. The Department contends that mediation continued on June 1 as ordered by the Court on April 24, but no final agreement was reached because appellant had not followed the terms set forth in the March 23 agreement.

6

trial under section 263.401 of the family code. *See id.* § 263.401(b). We recognize the prevailing case law that holds a trial court's ruling on a motion for continuance lies within the trial court's sound discretion. *BNC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *see also In re D.W.*, 249 S.W.3d 625, 647 (Tex. App.—Fort Worth 2008, pet. den.) (extension of dismissal date under section 263.401(b) similar to continuance and reviewed for abuse of discretion).

Appellant has not shown the court would have granted a timely filed written motion for continuance on the grounds she asserts or that she was in fact harmed by the failure to grant a continuance. Even assuming the trial court would have granted a continuance to give counsel additional time to prepare for trial as appellant urges, there is nothing in the record before us to support a conclusion that if counsel had received additional time, there was a reasonable probability that the result of the proceedings would have been different. Accordingly, appellant has failed to establish either prong of the *Strickland* test with respect to this complaint.

*3. Special Exceptions and Discovery*

Appellant also contends that her counsel's performance was deficient because he failed to file special exceptions to the numerous allegations in the Department's petition. Appellant asserts that as a result of counsel's failure to specially except to the pleadings he was unaware of the specific statutory grounds on which the Department based its request for termination and was unprepared for trial. The record does not support appellant's contention.

The record reflects that evidence focused upon at trial by the Department was set out in a caseworker's affidavit. That affidavit, which was attached to the Department's termination petition recounted the events of June 14 and July 20, noted that appellant admitted to using marijuana "to cope with things that are going on in her life at this time." The affiant also

7

questioned appellant's ability to provide a safe environment for her children and her ability to make decisions that are best for the children, including her lack of follow-up with her mental health, knowingly allowing a sex offender to reside in her home, and placing the children in an unsafe environment after Minniefield's family made threats to appellant.

Appellant's counsel was appointed on December 6, 2011, and later attended permanency hearings on February 14 and April 12, as well as two mediation sessions. At the March 23 mediation, issues were raised by the Department respecting appellant's continuation with counseling, drug treatment, mental health issues, as well as her contact with any convicted sex offender, as evidenced by the agreement the parties signed. Moreover, at the beginning of the trial, counsel for the Department stated on the record it was seeking termination based on section 161.001(1)(D) (endangerment by conditions or surroundings) and section 161.001(1)(E)(conduct endangerment). Accordingly, appellant's contention that her counsel was unaware of the grounds on which the Department were proceeding and that he should have pursued special exceptions to learn the grounds for termination is not supported by the record.

Appellant also contends that counsel was deficient because he failed to propound formal discovery and was unprepared for trial and surprised by the Department's trial exhibits and theories. Appellant specifically references Minniefield's penitentiary packet relating to his sex offender conviction, Dallas County Sheriff records containing the number of times appellant visited Minniefield in jail, records from a drug testing agency, and expert reports and opinions from a professional counselor who treated appellant. The record before us is silent as to whether counsel propounded any discovery in this case and also does not disclose what counsel knew with respect to Minniefield's sex offenses, appellant's drug tests, visits to Minniefield, or the

8

opinions of appellant's counselor. Accordingly, appellant has failed to establish counsel was ineffective for failing to request discovery.

Additionally, appellant asserts that had her counsel made timely discovery requests early in the case, the Department's trial exhibits would have been excluded upon proper objection as being untimely because the business records affidavits and copies were dated well within 30 days before trial. *See* TEX. R. CIV. P. 193.6.[4] However, there is nothing in the record to suggest that the Department would not have complied with time requirements had discovery requests been made earlier. Moreover, based on the record before us, we are unpersuaded that the admission of Minniefield's criminal records evidencing that he was a sex offender or the record of appellant's jail visits to Minniefield prejudiced appellant's case any more than her own admissions at trial. In her testimony, appellant admitted that at some point in 2010 she learned that Minniefield was a registered sex offender and that her children were removed from her care in 2010 based on her relationship with Minniefield. Appellant also agreed that part of the reason her children were returned to her in 2010 was because she agreed that she and her children would not have any contact with Minniefield. She also admitted that on June 14, 2011, less than one year after the 2010 case was dismissed, Minniefield was arrested at her home when her child N.T. was present. Appellant further admitted that despite signing an agreement at the March 23 meditation that she would refrain from having any contact with a registered sex offender, she had visited Minniefield in jail over sixteen times through June.

Further, appellant argues that early discovery of Minniefield's criminal records would have allowed counsel to argue that appellant's children were of a different sex and age than

---

[4] Rule 193.6 provided that, absent a showing of good cause, or a lack of unfair surprise or unfair prejudice, a party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence material or information that was not timely disclosed. *See* TEX. R. CIV. P. 193.6.

9

Minniefield's child victims. However, there is nothing in the record to indicate that appellant's counsel was unaware of the age and sex of Minniefield's victims prior to trial. We cannot determine on this record what in counsel's failure to bring attention to the precise nature of Minniefield's sex offenses may have been part of his trial strategy to marginalize Minniefield's impact on the case because he was currently in prison.

Appellant also complains of counsel's failure to obtain early discovery of the May 25, 2012 drug test and his failure to obtain another drug test. According to appellant, counsel's alleged errors left him unable to attack the objected-to, but allowed, hearsay testimony of the caseworker that appellant failed the drug test. The portions of the record relevant to this issue show the Department questioned the owner of a drug testing facility about whether appellant had been tested at the owner's facility. He answered that she had and he identified an exhibit that indicated appellant appeared for a drug test on May 25, 2012. The exhibit was admitted without objection. However, the exhibit did not include the test results and when the owner testified he did not know the results, appellant's counsel objected to "any testimony of results." The record also shows that under questioning by the Department, appellant denied using cocaine in connection with the May 25 drug test, but admitted her caseworker told her the results were positive. The Department later questioned appellant's caseworker about the positive results of the May 25 drug test, to which appellant's counsel specifically objected on the grounds "that would be asking a question about results that are not in evidence." Although the trial court sustained the objection on best-evidence grounds, the caseworker subsequently testified when questioned by the Department's counsel she was concerned when the May 25, 2012 test results came back because they were positive for cocaine. Appellant's counsel then moved for a mistrial, which was denied.

10

We cannot conclude the absence of documentary evidence of whether the May 25 drug test results were positive prejudiced appellant's case in light of the significant evidence in the record supporting termination of her parental rights in N.T. We also reject appellant's complaint that counsel was ineffective because of his failure to obtain another drug test for appellant. There is no evidence in the record of what such a test would have revealed had it been performed or whether it would have aided or prejudiced appellant's case. Appellant has not shown that the result of this proceeding would have been different had the results of the May 25 drug test been known or had another drug test been concluded.

Finally, appellant challenges counsel's failure to obtain discovery with respect to the recommendations and opinions of appellant's counselor. Appellant contends this failure prevented counsel from obtaining an objective risk assessment test that "could have combated the Department's subjective claims that appellant could not be protective of her children." Because there is nothing in the record to indicate what an objective risk assessment test would have revealed had it been performed, we cannot conclude appellant's counsel was ineffective for failing to obtain such a test. Accordingly we reject all of appellant's ineffective assistance complaints based on counsel's failure to file special exceptions and propound discovery.

*4. Arguments and Questioning Based on Non-Existent Court Order*

Appellant also asserts she was harmed by her counsel's failure to correct the impression created at trial that appellant was currently under a court order prohibiting her from contact with Minniefield.[5] Appellant's underlying assumption regarding this assertion is that if the trial court knew there was no existing court order prohibiting appellant or her children from having contact

---

[5] Appellant asserts this impression was created by her counsel's failure to object to adverse counsel's improper argument and questioning about appellant's failure to comply with non-existent court orders and appellant's counsel's own statements and questions to appellant suggesting that there were court orders prohibiting appellant from having contact with Minniefield.

11

with Minniefield, there was a reasonable probability that the trial court would not have terminated her parental rights. Our review of the record does not support appellant's position. There was ample evidence that, irrespective of a court order, appellant was aware that Minniefield, a known sex offender, should not be around her children and that his presence in her home in 2010 led to the children's removal. Yet, less than a year later, Minniefield was arrested in her home while one of her children was present. Additionally, despite signing an agreement to refrain from any contact with any sex offenders on March 23, 2012, appellant continued to visit Minniefield in jail regularly. On this record, we cannot say that counsel's failure to point out the absence of a specific court order prohibiting appellant's conduct prejudiced the result in this case.

### 5. Other Ineffective Assistance Claims

Appellant asserts counsel failed to object that the Department's termination petition failed to name N.T. and that no guardian and attorney ad litem had been appointed to represent her. She argues the Department was not entitled to terminate parental rights to a child not named in the termination petition, and alternatively argues that the Department's failure to name N.T. in the termination petition was an extraordinary circumstance justifying the grant of a continuance.

The record shows numerous court documents referred to both L.J. and N.T., including the July 26, 2011 Guardian Ad Litem's Original Answer, the July 26, 2011 Temporary Order removing both children, the August 29, 2011 Certificate of the Court ordering payment of the ad litem attorney for representing both L.J. and N.T., the December 6, 2011 Order Appointing Attorney Ad Litem, the December 6, 2011 Chapter 263 Permanency Hearing Order, and the April 24, 2012 Chapter 263 Permanency Hearing Order. The record also shows the attorney general's petition to establish the paternity as to N.T. and the trial court's termination decree

under the same trial court cause number as the paternity suit. Even assuming, without deciding, counsel's actions were deficient, appellant has not established "there is a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding would have been different." *See In re M.S.*, 115 S.W.3d at 549-50.

Appellant also complains about her counsel's questioning at trial of a caseworker and appellant's aunt. She asserts this questioning elicited damaging evidence that appellant had refused to take a drug test and that the aunt had called the police on June 14, 2011 because Minniefield was allegedly beating appellant. Appellant also directs us to questions her counsel asked her at trial, including what she would do if Minniefield came to her home and started molesting her children. She further attacks counsel's failure to point out that appellant did not sign the family service plan and the lack of evidence it was ever served on her after the Department claimed she failed to comply with the plan. Additionally, appellant complains of counsel's failure to present any evidence of her plan compliance.

Based upon this record, we cannot agree with appellant that these alleged deficiencies prejudiced the outcome of her case such that she was deprived of a fair trial, a trial whose result is reliable. *See In re M.S.*, 115 S.W.3d at 545 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The Department's main focus throughout the termination proceeding was appellant's inability to adequately protect her children as evidenced by her continued contact with a known sex offender even after various services were provided to her to help her make appropriate decisions to create a safe environment for her children. However, the record shows every issue reviewed by the Department was countered by appellant's counsel. For example, the caseworker testified that appellant admitted to the caseworker that Minniefield slept in the only bed in the apartment with the children separated by appellant. Counsel questioned appellant

13

about the caseworker's claim, and appellant had the opportunity to deny it. As to appellant's drug use, which was relevant to the question of whether appellant was adequately protecting the children, at the beginning of trial, appellant's counsel sought a continuance specifically requesting additional time to obtain another drug test for appellant. That request was denied by the trial court. Throughout the trial, appellant's counsel thoroughly cross-examined the Department's witnesses and took two witnesses on voir dire regarding certain testimony. He made numerous objections to testimony, many of which were sustained. Counsel made an oral motion for a mistrial after a caseworker testified to the results of the drug test that was not in evidence. We conclude the record here is insufficient to overcome the presumption that counsel's performance was competent. *See In re M.S.,* 115 S.W.3d at 145.

Next, appellant asserts counsel's representation was insufficient because he failed to present evidence of several factors that were relevant to the whether termination was in the best interest of the children. *See Holley v. Adams,* 544 S.W.2d 367 (Tex. 1976). Once again, the record does not reveal what the purported evidence would have been or whether it would have supported appellant's position. Therefore, we cannot conclude appellant was prejudiced by counsel's failure to present such evidence.

Finally, appellant also argues that counsel should have objected to the Department's rejection of placement of the children with appellant's aunt because of the aunt's need for financial support. However, there is no evidence that the Department rejected placement with the aunt on this basis. Among other things, the caseworker testified her main concern with the aunt was that she appeared at the last minute, less than one month before trial. Further, the caseworker stated that to be able to care for the children, the aunt would need financial assistance, which the Department could not provide immediately for placement with a relative.

14

The caseworker also testified the aunt initially expressed hesitancy about taking custody of L.J. because the aunt was not related to L.J.

We conclude appellant has not met her burden with respect to this ineffective assistance complaint. Having rejected all of appellant's ineffective assistance complaints, we turn to her due process complaints.

## B. DUE PROCESS

In her second issue, for the first time on appeal, appellant complains her due process rights were violated because (1) N.T. was not named in the order removing the children or in the termination petition, (2) she was not given forty-five days' "meaningful" notice of the July 5 trial date after the Department allegedly repudiated the March 23 mediated settlement agreement, and (3) the Department repeatedly misrepresented that appellant was in violation of a court order prohibiting her or her children from having contact with Minniefield when no such court order existed.

Our review of the record reveals that none of appellant's due process complaints were ever presented to the trial court. To preserve most issues for review, a party must bring the issue to the trial court's attention by timely request, objection, or motion. *See* TEX. R. APP. P. 33.1. Even constitutional claims can be waived by failing to raise them in the trial court below. *See In re L.M.I.*, 119 S.W.3d 707, 708 (Tex. 2003) ("[A]dhering to our preservation rules isn't a mere technical nicety; the interests at stake are too important to relax rules that serve a critical purpose"). In fact, our review of possible reversible error never presented to the trial court would undermine the legislative intent to ensure finality in termination proceedings and expedite the resolution of these cases. *See In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003). Because appellant failed to raise her due process complaints in the trial court, she has failed to preserve

15

these issues for our review. *See id.* at 349–50. Accordingly, we resolve appellant's second issue against her.

## III. CONCLUSION

Having resolved appellant's two issues against her, we affirm the trial court's judgment.

121284F.P05

DOUGLAS S. LANG
JUSTICE

16



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF N.T, A CHILD

No. 05-12-01284-CV

On Appeal from the 256th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-11-00657-Z.
Opinion delivered by Justice Lang. Chief Justice Wright and Justice Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th of March, 2013.

DOUGLAS S. LANG
JUSTICE